UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REDHWAN SALEH,

    Plaintiff,

-v-

UNITED STATES OF AMERICA,

    Defendant.

20-CV-10535 (WHP) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    On December 11, 2020, *pro se* petitioner Redhwan Saleh filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the 63-month sentence he received on June 20, 2019, after a jury found him guilty of conspiracy to commit arson and arson. (Dkt. No. 1.) In his motion, Saleh argues principally that he was deprived of the effective assistance of counsel at trial. *Id*. On March 1, 2021, he submitted an application for appointment of counsel (Dkt. No. 5), arguing that the issues involved in this case are complex and that he has limited knowledge of the law. In his accompanying affidavit (*id*. at ECF pages 2-3), petitioner attests that he has no funds to retain counsel, speaks little English, and reads even less. He explains that a fellow inmate, who was an "ex-lawyer," helped him prepare his initial papers, but that the ex-lawyer had a short sentence and was scheduled for release, which would leave petitioner without assistance in preparing his reply to the government's forthcoming opposition papers.

    On March 26, 2021, the United States filed its memorandum of law (docketed only in the underlying criminal case, No. 18-CR-26 (WHP)) in opposition to the § 2255 motion. On March 31, 2021, petitioner filed further written argument in support of that motion. (Dkt. No. 6.) On April 27, 2021, he filed a reply to the United States' memorandum of law. (Dkt. No. 7.) On July 13, 2021, he filed an affidavit and related materials in further support of his motion. (Dkt. No. 8.) That same day, due the untimely death of Judge Pauley, this action was referred to me for general pretrial supervision. (Dkt. No. 9.)

    Unlike defendants in criminal proceedings, litigants in habeas corpus proceedings have no right to counsel. *See Anderson v. Bradt*, 2013 WL 5208045, at *1 (E.D.N.Y. Sept. 13, 2013) (quoting *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993)). Although a federal court has "broad discretion" when deciding whether to grant an indigent civil litigant's request for pro bono counsel, *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986), it has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent the litigant. *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters, and must therefore grant applications for pro bono counsel sparingly, in order to preserve the "precious commodity" of volunteer-lawyer time for litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989) (per curiam).

    In determining whether to grant an application for pro bono counsel, the Court must consider, as a threshold matter, whether the litigant's claim "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986). This is "a requirement that must be

taken seriously." *Id.* As the Second Circuit explained in *Cooper*, "[c]ourts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." 877 F.2d at 174.

If the threshold requirement is met, the court should also consider "the plaintiff's ability to pay for private counsel, [the plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Id.* at 172; *see also Hodge*, 802 F.2d at 61-62 (court should consider the indigent's "ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination"); *Fulton v. Superintendent*, 2020 WL 3250594, at *4-5 (S.D.N.Y. June 16, 2020) (applying *Hodge* factors in habeas proceeding); *Martinson v. U.S. Parole Comm'n.,* 2004 WL 203005, at *2 (S.D.N.Y. Feb. 2, 2004) (same). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *Hodge*, 802 F.2d at 61.

In this case, petitioner Saleh has not made the necessary threshold showing that his § 2255 petition has a likelihood of success. I note as well that he does not attest to any independent efforts to obtain counsel, and that – notwithstanding his misgivings – he has in fact filed papers, in English, in reply to the government's opposition. Given that his § 2255 motion is now fully briefed, and that there will be no need to cross-examine any witnesses until and unless this Court grants an evidentiary hearing on that motion, it is hereby ORDERED that petitioner's March 21, 2021 application for the appointment of counsel is DENIED without prejudice to renewal at such time as a hearing is granted or the existence of a potentially meritorious claim is otherwise demonstrated.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 5 (and at Dkt. No. 145 in No. 19-CR-26) and mail a copy of this order to the petitioner.

Dated: July 23, 2021           SO ORDERED.
       New York, New York

_____
**BARBARA MOSES**
**United States Magistrate Judge**