USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___2/7/2022___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ x

**United States of America,**                       :
                                                    :
                                                    :
                        -against-                   :          **1:18-CR-26-ALC-2**
                                                    :
**Redhwan Saleh,**                                  :          **Order Denying Motion for**
                                                    :          **Compassionate Release**
                             **Defendant.**         :
                                                    :
------------------------------------------------------------------ x

**ANDREW L. CARTER, JR., United States District Judge:**

On November 9, 2018, a jury convicted Mr. Redhwan Saleh to one count of arson and

one count of conspiracy to commit arson after a four-day jury trial. The late Judge William H.

Pauley presided, and he entered judgment of conviction on June 21, 2019. Consistent with the

Federal Sentencing Guidelines, he sentenced Mr. Saleh to 63 months' imprisonment. The Second

Circuit affirmed the judgment of conviction in a summary order issued on June 11, 2020. Mr.

Saleh is currently housed at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI-

Fort Dix"), a low security facility.

On May 7, 2020, Mr. Saleh made an administrative request for compassionate release to

the Federal Bureau of Prisons ("BOP"). On May 28, 2020, the BOP denied his request. On

January 4, 2022, Mr. Saleh filed this renewed motion for compassionate release, seeking

compassionate release based on his fear of contracting COVID-19 for a second time due to his

medical conditions. ECF No. 153. Mr. Saleh has been offered the COVID-19 vaccine, but he has

refused to receive it until recently. The government opposed his renewed motion for

compassionate release on January 18, 2022. ECF No. 155. This Court received Mr. Saleh's reply

on January 31, 2022.

A defendant may make a motion for compassionate release to a district court only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i).

If the defendant has exhausted all administrative rights, the court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling circumstances warrant such a reduction . . ." 18 U.S.C. § 3582(c)(1)(A). Although section 3582(c) also requires that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," the Second Circuit has held that "district courts have discretion to consider the full slate of extraordinary and compelling reasons that an imprisoned person may bring before [the court] in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020).

Because there is no dispute that Mr. Saleh exhausted administrative remedies with the BOP, the Court now turns to the merits of the motion.

Mr. Saleh's medical conditions do not constitute "extraordinary and compelling reasons" to reduce his sentence or release him. While the Court acknowledges that his medical conditions should not be minimized and takes seriously the threat that the COVID-19 pandemic poses, he is only 40 years old, and there have been advances in the treatment of COVID-19, including three different vaccines. Until after the filing of this motion, Mr. Saleh had refused to accept a vaccine, which could provide protection for him against developing severe symptoms from contracting COVID-19, from his facility. His reply brief represents that he obtained his first dose of the

Pfizer vaccine on January 19, 2022. Though he has recently begun the process of becoming fully vaccinated as defined by the Centers for Disease Control (CDC), his refusal up to this point "to take the vaccine belies not only his fear of developing serious complications from COVID-19, but also his concern that the facility cannot protect his health as it relates to COVID-19." *United States v. Ordonez*, No. 13 Cr. 811 (ALC), Doc. No. 765 at 3 (S.D.N.Y. Mar. 8, 2021). Mr. Saleh "cannot reasonably claim that his increased risk exposure to COVID-19 warrants a sentence reduction when [for this length of time] he has declined to take the one action that—incarcerated or not—would materially reduce the risks to him from COVID-19." *United States v. Marquis Wright*, No. 15 CR. 445-3 (PAE), 2022 WL 134870, at *6 (S.D.N.Y. Jan. 13, 2022). Additionally, Mr. Saleh has already contracted COVID-19 and there is no evidence that he experienced any symptoms, severe or otherwise, or that he sustained any complications during or following his prior infection.

Furthermore, the conditions of confinement at FCI-Fort Dix, on the whole, do not constitute "extraordinary and compelling" circumstances at this time. As of the date of this Order, the current population of FCI-Fort Dix is 3,134 inmates at FCI and 199 at the Camp. *See* BOP, FCI Fort Dix, https://www.bop.gov/locations/institutions/ftd/ (last accessed Feb. 7, 2022). As of the date of this Order, there are 63 positive confirmed cases among inmates, 18 positive confirmed cases among staff, 2 inmate deaths, and 0 staff deaths. *See* BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed Feb. 7, 2022). These numbers demonstrate to the Court that, at least as the situation stands today, the conditions of confinement are not "extraordinary and compelling reasons" to reduce his sentence or authorize early release. Mr. Saleh has not argued, or presented any evidence to show, that he is receiving inadequate medical treatment for his underlying conditions at the facility, and there is no evidence that he is unable

to care for himself. *See United States v. Guzman*, No. 19 CR. 24 (KPF), 2022 WL 138101, at *4

(S.D.N.Y. Jan. 13, 2022) (finding no extraordinary and compelling circumstances, in part,

because Defendant "appear[ed] to have received appropriate medical care while incarcerated")

(citing cases).

His other reasons for seeking compassionate release, including the desire to provide

financial support to his family during the pandemic and possible sentencing disparities because

his co-conspirators have been released, do not establish "extraordinary and compelling reasons."

Though the closing of two of his businesses during the pandemic is a more recent development,

Judge Pauley was aware of Mr. Saleh's financial and family circumstances at the time of

imposing the sentence more generally, and thus his sentence already accounts for these factors.

At sentencing, Judge Pauley still decided to impose a sentence within the Guidelines range. The

Court is also not persuaded by the sentencing disparities argument as Mr. Saleh was the leader of

the conspiracy.

Even if he had established "extraordinary and compelling reasons," which he has not, the

18 U.S.C. § 3553(a) factors advise against early release. Though he had no prior criminal history,

Mr. Saleh was convicted of arson and conspiracy to commit arson after trying to burn down a

competing deli set to open a few storefronts away from his own deli. He conspired with two

other individuals to set fire to the new deli. After a failed first attempt, they successfully burned

down the deli, causing at least $50,000 worth of property damage and risking the lives of

innocent customers present in an adjacent store. To carry out the arson, Mr. Saleh provided his

co-conspirators with specific instructions, they followed through and set the fire, and after

determining that the new deli suffered sufficient damage, Mr. Saleh paid the co-conspirators

between $2,500 to $3,000. Though the instant conviction constituted Mr. Saleh's first criminal

offense, the seriousness of the crime, the need to afford adequate specific and general deterrence, and the need to protect the public from further crimes of the defendant advise against early release.

For the forgoing reasons, Mr. Saleh's renewed motion for compassionate release is hereby **DENIED**. As the Court has ruled on this renewed motion for compassionate release, Mr. Saleh's original motion filed on April 22, 2020, while Judge Pauley presided over this case, is denied as moot. ECF No. 134. His motion pursuant to 28 U.S.C. § 2255 remains pending and will be decided in due course.

**SO ORDERED.**

**Dated**: Feb. 7, 2022

New York, New York

**The Hon. Andrew L. Carter, Jr.**
**United States District Judge**